ST. PAUL, J.
 

 Plaintiff sues as assignee of the I. H. Aiken Transportation & Towing Company, owners of the seagoing tugboat Richmond, for certain demurrage charges, and'also for the value of certain tackle and hose lost in an attempt to keep afloat a certain steamboat belonging to defendant. ■
 

 I.
 

 On August 27, 1921, the defendant telegraphed to the agent of the tugboat Richmond relative to the. towing of
 
 “my
 
 steamboat and barge” from New Orleans to Tampico. On August 29, 1921, a confirmation of agreement was entered into between the .agent for the Richmond and “Mr. John F. Klein, as owner and (or) agent of a steamer called the
 
 Tornado,
 
 and a railroad transfer barge [unnamed],” wherein it was agreed that the tug was to tow the steamer and barge from New Orleans to Tampico; and “Mr. John F. Klein agrees to pay” $5,000 cash for said towing, and demurrage at $500 per day under certain circumstances.
 

 In several parts of said contract said John F. Klein is again mentioned as “owner and (or) agent” for said steamer and barge, but he signed the contract as “owner
 
 and
 
 agent” ; and the fact is that only the steamer was ■owned by him, and the barge was owned by Mr. Katz.
 

 As to $3,000 of said demurrage, it was occasioned solely by a delay caused by peril to said barge, after the steamer had sunk; and the contention is that the amount is ■due by the owner of said barge, and not by defendant who acted, as to said barge, only as agent for said Katz,
 

 II.
 

 When a person represents himself to another and deals with that other as
 
 “owner
 
 and (or) agent” of a vessel, that other has a right to take him according to his own representation; and hence to hold him as
 
 oioner
 
 thereof; since he is not .at liberty thereafter to repudiate, to the prejudice of that other, a. character which he has voluntarily assumed.
 

 If we were dealing with the case of only one vessel, this contract would therefore speak for itself. But the contention is made that, since the contract deals with
 
 two
 
 vessels, one of which belonged to defendant and the other to Katz, the contract is at least ambiguous and capable of being construed to mean that defendant was acting as
 
 owner
 
 of the steamboat and as
 
 agent
 
 for the barge.
 

 Be that as it may,
 
 this
 
 contract is tiot ambiguous ; for as above said, defendant bound himself personally and alone to pay the $5,000 for the actual towing, and the agreement as to the demurrage reads that “Mr. John F. Klein,
 
 for himself
 
 and (or) as agent of the above
 
 vessels
 
 to be towed, agrees to pay,” etc. So that there is no ground for doubting that defendant meant to bind himself
 
 personally to
 
 the full extent of said contract.
 

 . Finally, in the telegram first above quoted defendant had represented himself as the
 
 owner
 
 of the barge, and there is a conflict of testimony as to whether or not he thereafter (and before signing the contract) informed the agent for the tugboat that the barge did not belong to him but to Katz. That conflict was resolved by the district judge (we think properly) against the defendant.
 

 We think that the six days.’ demurrage due to the delay caused by the barge was properly chargeable to defendant. And we think the necessity for that delay has been fully proved.
 

 
 *219
 
 III.
 

 As to the one day’s delay caused by the sinking of the steamboat at the mouth of the Mississippi river, defendant’s own testimony and the uncontradicted testimony of Mr. Aiken both show that that charge had been agreed upon as correct. And the uncontradicted testimony of Mr. Aiken shows that the charge for lost tackle and hose had also been agreed upon as correct. We therefore see no error in the judgment of the lower court.
 

 Decree.
 

 ■ The judgment appealed front is therefore affirmed.